UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

**KATRINA SIMMONS**                            **CIVIL ACTION**

**VERSUS**                                     **NO: 14–1876**

**MARRIOTT INTERNATIONAL, INC., ET AL**        **SECTION: "H"(5)**

### ORDER AND REASONS

Before the Court is Plaintiff's Motion to Remand (Doc. 12). For the following reasons, the Motion is DENIED.

### BACKGROUND

Plaintiff filed the instant action in Louisiana state court on January 11, 2013. She alleges that, while she was a guest at the Marriott Hotel in New Orleans, she slipped and fell in a bathtub, injuring herself. She seeks damages from several named and unnamed Marriott business entities, as well as the general manager of the hotel in which she was staying.

Plaintiff initially made no effort to serve Defendants. On December 10,

1

2013, Defendants filed a motion to dismiss the state court case because Plaintiff had made no effort to serve them. Plaintiff finally served Defendants on July 18, 2014, and Defendants removed the suit to this Court on August 18, 2014. In the notice of removal, Defendants allege that this Court has diversity jurisdiction over the case and that Defendant Roger Hamilton, a citizen of Louisiana, was fraudulently joined in order to prevent removal.[1] After Plaintiff failed to file a motion to remand, the Court set a status conference because the notice of removal raised a contested issue of removal jurisdiction. This Motion followed.

## LEGAL STANDARD

Generally, a defendant may remove a civil state court action to federal court if the federal court has original jurisdiction over the action.[2] The burden is on the removing party to show "[t]hat federal jurisdiction exists and that removal was proper."[3] When determining whether federal jurisdiction exists, courts consider "[t]he claims in the state court petition as they existed at the time of removal."[4] Removal statutes should be strictly construed, and any doubt should be resolved in favor of remand.[5]

---

[1] This case was initially non-removable because of the "forum-defendant" rule. This rule provides that an action otherwise removable on the basis of diversity jurisdiction is not removable if any of the defendants are citizens of the forum state. 28 U.S.C. § 1441(b)(2).

[2] 28 U.S.C. § 1441(a).

[3] *Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002).

[4] *Id.*

[5] *Id.*

## LAW AND ANALYSIS

Defendants filed the notice of removal on August 15, 2014. Plaintiff filed the instant Motion on October 12, 2014, nearly two months after the case was removed. "A motion to remand a case on the basis of any defect, other than lack of subject matter jurisdiction, must be made within thirty days after notice of removal or the plaintiff loses the opportunity to move for remand."[6] A party who fails to assert a timely motion to remand waives the right to object to any defects, except for those that effect the Court's subject matter jurisdiction.[7] The only defect raised by Plaintiff was untimeliness. This procedural defect was raised untimely and is waived.[8] Therefore, Plaintiff's Motion is denied.

One issue remains. In the Motion, Plaintiff failed to address Defendants' arguments regarding the fraudulent joinder of Mr. Hamilton. The Court need not resolve this dispute today, however, because it may exercise subject matter jurisdiction over this case notwithstanding the allegations of fraudulent joinder. Plaintiff alleges that she is a citizen of Georgia. The Defendant corporations are all citizens of Delaware and Maryland, and Mr. Hamilton is a citizen of Louisiana. Thus, the parties are completely diverse. Mr. Hamilton's presence in this suit did not defeat complete diversity. Instead, it rendered the case non-

---

[6] *Sherrod v. Am. Airlines, Inc.*, 132 F.3d 1112, 1117 (5th Cir. 1998) (citing 28 U.S.C. § 1447).

[7] *See F.D.I.C. v. Loyd*, 955 F.2d 316, 322 (5th Cir. 1992).

[8] *Id*. Additionally, the Court notes that it is convinced that the removal was timely. Plaintiff's arguments to the contrary are based on abrogated case law. *See Murphy Bros. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 353 (1999).

3

removable because Mr. Hamilton is a citizen of the forum state.[9] The forum-defendant rule is a procedural rule, not a jurisdictional one.[10] Thus, any objection that Defendants may have to Mr. Hamilton's inclusion in this case can be raised by motion at the appropriate time.

## CONCLUSION

For the foregoing reasons, the Motion to Remand is DENIED.

New Orleans, Louisiana, this 14th day of January, 2015.

_____
JANE TRICHE MILAZZO
UNITED STATES DISTRICT JUDGE

---

[9] *See* 28 U.S.C. § 1441(b)(2).

[10] *In re 1994 Exxon Chem. Fire*, 558 F.3d 378, 394 (5th Cir. 2009).